# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Rock, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:16-2523-RMG |
| vs. ) | |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 29, 2018, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21). Plaintiff filed objections to the R & R, and the Commissioner filed a response. (Dkt. No. 23, 27). As explained below, the Court reverses the decision of the Commissioner and remands the case to the agency for further action consistent with this order.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of all medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Under what is commonly referred to as the Treating Physician Rule, the Commissioner is required to give special consideration to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's]

medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Further, all medical opinions must be weighed under the standards of the Treating Physician Rule, including non-treating and non-examining physicians. § 404.1527(c), (e)(1)(ii).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the

Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011).

As the Fourth Circuit addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

Although the final agency decision in a Social Security disability claim rests with the Commissioner, it is well settled that a disability decision by another governmental agency "cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939 at *6. The Commissioner recognizes that another governmental agency's disability decision and the evidence used to make that decision "may provide insight into the individual's mental and physical impairments and show the [claimant's] degree of disability . . ." under that agency's rules and regulations. *Id.* at 7. The Fourth Circuit has held that a Veterans Administration ("VA") decision of disability is entitled to "substantial weight," which reflects "the fact that both

the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Bird v. Commissioner of Social Security*, 699 F.3d 337, 343, 345 (4th Cir. 2012).

## Discussion

Plaintiff is a Gulf War veteran who asserts her claim for DIB on the basis of various mental and physical impairments. After conducting an administrative hearing on this matter, the Administrative Law Judge found that Plaintiff suffered from multiple severe impairments, including degenerative disc disease, degenerative joint diseases of both knees, irritable bowel syndrome, affective disorder, anxiety disorder, and bipolar disorder. Tr. 33. Despite these severe impairments, the ALJ determined that Plaintiff was not disabled because she retained the residual functional capacity ("RFC") for less than the full scope of sedentary work. Tr. 35. This RFC finding of less than the full scope of sedentary work reflects significant impairments in the claimant's capacity to function in the workplace and is the lowest RFC rating possible for an applicant who is not determined to be disabled under the Social Security Act. Consequently, any failure to consider material evidence could easily be the difference between a grant or denial of Plaintiff's disability claim.

After the issuance of the ALJ's decision, Plaintiff's counsel submitted to the Appeals Council a September 11, 2015 decision of the Veterans Administration finding Plaintiff was entitled to "individual unemployability" under the VA disability program, effective from June 6, 2011. Tr. 282-85. The VA decision was based on the finding that "the claimant is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." Tr. 284. In making this disability decision, the VA referenced three reports of examinations of

Plaintiff dated July 20, 2011, July 1, 2015, and August 10, 2015. Tr. 284. None of the records from these three examinations were included in the administrative record in this case, but the summaries contained in the VA decision reflect findings of significant mental and physical impairments during Plaintiff's insured period. *Id.*

In denying the Plaintiff's request for review, the Appeals Council confirmed it had received the recently submitted VA decision and that "the additional evidence does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2. However, the Appeals Council does not specifically address the findings or conclusions of the VA or the references to three separate evaluations supporting the VA decision that are not presently in the administrative record in this matter. No fact finder has weighed this new and material evidence or attempted to reconcile it with conflicting evidence relied on by the ALJ to deny Plaintiff's disability claim.

Under these circumstances, reversal of the Commissioner's decision and remand are necessary so that a fact finder may assess the probative value of the newly presented evidence and reconcile it with supporting and conflicting record evidence. *Meyer v. Astrue*, 662 F.3d at 707. In addition to considering and weighing the newly submitted VA decision in this matter and giving it the "substantial weight" required under Fourth Circuit case law, the ALJ should fill the "gap" in the administrative record by obtaining the VA examinations referenced in the VA disability decision to be assured of a "full and fair record." *Thompson v. Sullivan*, 933 F.2d 581, 585-86 (7th Cir. 1991); *Rivera v. Astrue*, C.A. No. 10-cv-4324, 2012 WL 3614323 at *12 (E.D.

N.Y. 2012).[1]

The Court further directs on remand that the ALJ reevaluate *de novo* the issue of whether post traumatic stress disorder ("PTSD") should be an additional severe impairment. In his decision, the ALJ noted the Plaintiff's "extensive record of complaints" about PTSD but found "little in the way of objective findings." Tr. 38. The ALJ failed to note that a consulting examiner, Dr. Douglas Ritz, was asked to assess Plaintiff for PTSD and diagnosed her in an April 23, 2012 report with chronic PTSD. Tr. 293-296. Additionally, the record now includes the VA examination of July 1, 2015, which makes a diagnosis of PTSD by Dr. John M. Taylor and found that Plaintiff has "difficulty in establishing and maintaining effective work and social relationships" and "in adapting to stressful circumstances, including work or a work like setting." Dkt. No. 26-1 at 5-10.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g). In light of the protracted nature of the administrative proceedings in this matter, now over five years, the Court directs that the administrative hearing on remand be conducted within 90 days of this order and a decision be

---

[1] Pursuant to the Court's order of February 12, 2018, Plaintiff's counsel made a specific request to the VA for the three examinations referenced in the VA decision of September 11, 2015. Only one of those examinations, the July 1, 2015 examination, was located in the short period the Court provided for the production of those additional records. The Court is fully aware of the challenges of obtaining a complete set of a veteran's medical records from the VA (as indicated in this case), but best efforts should be made on remand to obtain what appear to be highly material evidence relevant to the Plaintiff's disability claim.

issued by the ALJ within 30 days thereafter. In the event there is a request to review submitted to the Appeals Council, the Appeals Council is further directed to make a final agency decision within 60 days following the receipt of a request for review.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 22, 2018
Charleston, South Carolina